UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE DOUGLAS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendant. | Case No. 1:20-cv-04472 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, CATHERINE DOUGLAS, individually and on behalf of all other similarly situated, through undersigned counsel, complaining of Defendant, THE TRAVELERS INDEMNITY COMPANY, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. CATHERINE M. DOUGLAS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1503 South Luther Avenue, Lombard, Illinois 60148.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7. THE TRAVELERS INDEMNITY COMPANY ("Defendant") operates as an insurance company. The Company offers home, auto, commercial, life, health, recreational vehicle, business, travel, and other personal insurance services.

8. Defendant maintains its principal place of business at 1 Tower Square, Hartford, Connecticut 06183.

9. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

## FACTUAL ALLEGATIONS

10. On or around January 9, 2020, Defendant – *without Plaintiff's consent* – accessed Plaintiff's Equifax credit report.

11. At the time Defendant accessed Plaintiff's credit report, Plaintiff did not have open accounts with Defendant or otherwise have an existing business relationship with Defendant.

12. At the time Defendant accessed Plaintiff's credit report, Plaintiff was not applying or otherwise seeking Defendant's services.

13. Accordingly, Plaintiff was mystified by Defendant's request for her highly confidential credit information.

14. Upon information and belief, Defendant misrepresented to Equifax that Plaintiff was seeking services from Defendant or had an existing business relationship with Defendant.

15. Defendant received sensitive personal information concerning Plaintiff under false pretenses.

16. Defendant obtained Plaintiff's credit report without Plaintiff's authorization or knowledge.

## DAMAGES

17. Defendant's intrusive conduct resulted in significant harm to Plaintiff.

18. Specifically, Defendant's inquiries adversely impact a consumer's credit rating.

19. Accordingly, Defendant's credit rating was adversely impacted by Defendant's unauthorized inquiry.

20. Moreover, Defendant's conduct has caused Plaintiff damages in form of invasion of privacy as well as fear that Plaintiff may be a victim of stolen identity.

21. As result of Defendant's conduct, Plaintiff has suffered various damages as set forth herein, including specifically, invasion of privacy, reduced credit rating, emotional distress, and time wasted monitoring her credit report for fraudulent account activity.

22. Concerned with the long-term impact of Defendant's inquiry, Plaintiff retained counsel to enforce her privacy rights and compel Defendant to remove its inquiry from Plaintiff's Equifax credit report.

## CLASS ALLEGATIONS

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Upon information and belief, Defendant systematically accesses consumers' credit reports without consumers' authorization by misrepresenting to the credit reporting agencies that that consumers are seeking services from Defendant or have an existing business relationship with Defendant.

25. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the complaint through the date of class certification; (3) from Equifax, Experian and/or Trans Union; (4) who were not existing Defendant customers and (5) whom did not seek services from Defendant.

27. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2)Defendant, Defendant' subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

28. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

29. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can be only be determined only through targeted discovery.

30. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

31. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

32. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

33. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

35. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1681b(f)
### (On behalf of Plaintiff and the Members of the Putative Class)

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. Plaintiff's Equifax credit report that Defendant accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

44. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Equifax credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

45. As stated above, Plaintiff is not and has never been a customer of Defendant.

46. Moreover, Plaintiff did not seek services from Defendant at the time Defendant accessed Plaintiff's Equifax credit report.

47. Plaintiff did not have an existing business relationship with Defendant at the time Defendant accessed Plaintiff's Equifax credit report.

48. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without a permissible purpose under the FCRA.

49. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

50. As described above, Plaintiff was harmed by Defendant's conduct.

51. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

52. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

53. Due to Defendant' unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

C. Enjoining Defendant from accessing consumer credit reports without a permissible purpose;

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

G. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

H. Awarding any other relief this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | |
|---|---|
| Date: July 30, 2020 | Respectfully Submitted, |
| | **CATHERINE DOUGLAS** |
| | By: /s/ *Mohammed O. Badwan* |
| | Mohammed O. Badwan, Esq.<br>Victor T. Metroff, Esq.<br>*Counsel for Plaintiff and the Putative Class Members*<br>Sulaiman Law Group, Ltd<br>2500 S Highland Ave, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8180<br>mbadwan@sulaimanlaw.com<br>vmetroff@sulaimanlaw.com |