# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATHERINE DOUGLAS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>    Defendant. | Case No. 1:20-cv-04472<br><br>Honorable Charles R. Norgle, Sr. |

## INITIAL STATUS REPORT

Pursuant to the Court's March 18, 2021 Order [Dkt. 17], the parties jointly submit the following Joint Status Report:

**A.    Attorneys of Record:**

| | |
|---|---|
| Mohammed O. Badwan<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>(630) 575-8180<br>mbadwan@sulaimanlaw.com<br>*Counsel for Plaintiff* | Joseph R. Marconi<br>Brian C. Langs<br>Johnson & Bell, Ltd.<br>33 West Monroe Street - Suite 2700<br>Chicago, IL 60603<br>(312) 372-0770<br>marconij@jbltd.com<br>langsb@jbltd.com<br>*Counsel for Defendant* |

**B.    Basis for Jurisdiction:**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*.

**C.    Whether a jury has been requested and by which party:**

Plaintiff has made a jury demand.

**D.     Nature of Claims/Counterclaims/Affirmative Defenses:**

Plaintiff First Amended Class Action Complaint brings individual and class claims against Defendant Travelers Indemnity Company ("Travelers") for violations of the FCRA. Specifically, Plaintiff alleges that Defendant violated the FCRA by accessing her Equifax credit report on January 9, 2020 for "insurance underwriting purposes" when Plaintiff is not and has never been a customer of Travelers, Plaintiff has not applied for or otherwise sought insurance products from Travelers, Plaintiff did not consent or authorize Travelers to access her Equifax credit report, and Travelers did not otherwise have a a permissible purpose prescribed by the FCRA. The alleged putative class is defined as follows:

> All persons within the United States (1) that had their consumer credit report(s) obtained by Travelers; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; (4) that were not existing Travelers customers; (5) that did not seek insurance coverage from Travelers; and (6) that did not receive a firm offer of credit from Travelers.

Travelers has answered the Complaint by denying all substantive individual and all substantive class allegations. Travelers has also asserted nine Affirmative Defenses, including, *inter alia,* affirmative defenses (1) that Plaintiff lacks Article III standing for her FCRA claim; (2) that Travelers never accessed Plaintiff's (or any alleged putative class member's) Equifax credit report; and (3) even if Travelers did access Plaintiff's Equifax credit report, it did so because Plaintiff applied for insurance coverage from one of Travelers's affiliates or Plaintiff's Equifax credit report was accessed in order to send Plaintiff a firm offer for insurance coverage.

**E.     Relief Sought by Plaintiff:**

Plaintiff is seeking (1) an order enjoining Defendant from unlawfully accessing consumers' credit reports; (2) an order certifying the class and the appointment of Plaintiff's counsel as class counsel; (3) statutory damages in the amount of $1,000 to Plaintiff; (4) statutory damages in the amount of $1,000 for each of the putative class members; (5) punitive damages; and (6) attorney's fees and costs.

**F.     Status of Service:**

Defendant has been served.

**G.     Anticipated Motions:**

None at this time.

H. **Proposed Discovery Plan:**

    1. **Type of Discovery Need:** Parties will conduct written and oral discovery.

    2. **Deadline to serve Rule 26(a)(1) initial disclosures: /June 30, 2021**

    3. **Deadline to issue written discovery:** July 30, 2021

    4. **Deadline for the amendment of pleadings:** August 16, 2021

    5. **Fact Discovery Deadline:** February 28, 2022

I. **Trial:** The parties will be ready for trial in July 2022.

J. **Status of Settlement Discussions:** The parties have not engaged in settlement discussions. Plaintiff will make a settlement demand once Defendant expresses an interest in settlement.

K. **Magistrate Judge:** the parties do no consent to proceed before a magistrate judge**.**

DATED: May 18, 2021                          Respectfully submitted,

*/s/ Mohammed O. Badwan*                  */s/ Brian C. Langs*

| | |
|---|---|
| Mohammed O. Badwan | Joseph R. Marconi |
| Sulaiman Law Group, Ltd. | Brian C. Langs |
| 2500 South Highland Avenue | Johnson & Bell, Ltd. |
| Suite 200 | 33 West Monroe Street - Suite 2700 |
| Lombard, Illinois 60148 | Chicago, IL 60603 |
| 630-575-8180 | 312-372-0770 |
| mbadwan@sulaimanlaw.com | marconij@jbltd.com |
| *Counsel for Plaintiff* | langsb@jbltd.com |
| | *Counsel for Defendant* |